1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10          SAN JOSE DIVISION

11

COVE BRITTON, et al.,                    Case No. 19-CV-04263-LHK
12
             Plaintiffs,          **ORDER GRANTING MOTION TO**
13                                **REMAND; DENYING REQUEST FOR**
      v.                          **ATTORNEY'S FEES AND COSTS;**
14                                **AND DENYING AS MOOT MOTION**
COUNTY OF SANTA CRUZ, et al.,           **FOR JUDGMENT ON THE**
15                                **PLEADINGS**
             Defendants.
16                                Re: Dkt. No. 36, 39

17

18          Plaintiffs Cove Britton and Matson Britton Architects, Inc. ("Plaintiffs") bring the instant

lawsuit against Defendants County of Santa Cruz and County of Santa Cruz Planning Department
19
("Defendants").  Before the Court are Plaintiffs' motion to remand and Defendants' motion for
20
judgment on the pleadings.  Having considered the parties' briefs, the relevant law, and the record
21
in this case, the Court GRANTS Plaintiffs' motion to remand[1] and DENIES Plaintiffs' request for
22
attorney's fees and costs.  The Court also DENIES as moot Defendants' motion for judgment on
23
the pleadings.
24

25
_____
26   [1] Plaintiffs' motion to remand contains a notice of motion that is separately paginated from the
memorandum of points and authorities in support of the motion.  *See* ECF Nos. 39, 41.  Plaintiffs'
27   motion thus fails to comply with Civil Local Rule 7-2(b), which states that the notice of motion
and points and authorities must be contained in one document with a combined limit of 25 pages.
28

## I.    BACKGROUND

### A.  Factual Background

Plaintiff Cove Britton is a licensed architect residing and doing business in Santa Cruz County, California.  FAC ¶ 1.  Plaintiff Matson Briton Architects, Inc. is a California corporation doing business in Santa Cruz County, California.  *Id.*  Cove Britton is the president of Matson Briton Architects, Inc.  FAC at 12.  County of Santa Cruz is a political subdivision of the State of California.  FAC ¶ 2.  County of Santa Cruz Planning Department is an administrative department within County of Santa Cruz.  *Id.* ¶ 3.  Defendants process permit applications for development projects, and Plaintiffs "routinely handle" the submission of such applications to Defendants on behalf of Plaintiffs' clients.  *Id.* ¶ 4.

On May 6, 2019, Plaintiffs received a written notice from Defendants that a permit application was not complete, and that Plaintiffs' appeal should be directed in a letter to the Planning Director, pursuant to Santa Cruz County Code section 18.10.320 and California Government Code section 65943.  *Id.* ¶ 8.  Plaintiffs allege that Defendants' appeal procedure and Santa Cruz County Code section 18.10.320 violate California Government Code section 65943, "which requires that Defendants provide a process for an applicant to appeal to the Santa Cruz County Board of Supervisors or Santa Cruz County Planning Commission, not the Planning Director," if development project permit applications are deemed incomplete.  *Id.* ¶ 5.  Because Defendants give the Planning Director the sole authority to receive and review the appeal, Plaintiffs claim that the County Code and the Government Code are inconsistent.  *Id.* ¶ 8.

On November 21, 2018, Plaintiffs filed an appeal challenging Defendants' decision that the application was incomplete.  FAC, Ex. B at 34.  In the January 22, 2019 letter, Defendants informed Plaintiffs that their application was deemed "complete," but Defendants may still request additional information.  *Id.*  In the March 8, 2019 letter, Defendants informed Plaintiffs that the geotechnical report had not been accepted by county staff.  *Id.* at 37.  Plaintiffs allege that, as a result, Defendants "blocked" Plaintiffs from an administrative review of the appeal by deeming the application as "complete" and not scheduling a review, while "continuing to refuse" to accept

2

the report.  FAC ¶ 24.

On unspecified dates, Plaintiffs were informed by Defendants that geotechnical reports and geology reports submitted as part of a development project permit application are not required to be reviewed within thirty days for completeness.  *Id.* ¶ 9.  Plaintiffs allege that Defendants in reaching this conclusion relied on section 16.10.060(c) of the Santa Cruz County Code, which does not provide a timeline for reviewing such reports, and thus violated California Government Code section 65943, which specifies that agencies have a thirty-day review window to review a development application for completeness.  *Id.*

**B.  Procedural History**

On May 23, 2018, Plaintiffs filed a complaint against Defendants in California Superior Court for the County of Santa Cruz.  MJP at 5.

On July 2, 2019, Plaintiffs filed the First Amended Complaint ("FAC").  *See* ECF No. 1 Ex. A.  The FAC asserted two causes of actions: (1) a claim for declaratory relief that Santa Cruz County Code section 18.10.320 and section 16.10.060(c) are inconsistent with California Government Code section 65943, FAC ¶¶ 14–21; and (2) a claim under 42 U.S.C. § 1983 for violations of Plaintiffs' due process rights for refusing to schedule a properly notified appeal, FAC ¶¶ 22-26.

On July 25, 2019, Defendants removed the instant case to federal court under 28 U.S.C. § 1441.  *See* ECF No.1.

On March 11, 2020, Defendants filed a motion for judgment on the pleadings to dismiss all claims against them for lack of Article III standing.  ECF No. 36 ("MJP.").  On March 26, 2020, Plaintiffs filed an opposition.  ECF No. 38 ("MJP Opp'n.").  On April 2, 2020, Defendants filed a reply to Plaintiffs' opposition.  ECT No. 43 ("MJP Reply.").

On March 27, 2020, Plaintiffs filed a motion to remand the case to state court, to deny Defendants' motion for judgment on the pleadings as moot, and to recover attorney's fees and costs incurred as a result of Defendants' improper removal.  ECF No. 41 ("Mot. to Remand").  On

Case No. 19-CV-04263-LHK
ORDER GRANTING MOITON TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS; AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

1    April 10, 2020, Defendants filed an opposition.  ECF. No. 44 ("Remand Opp'n.").  On April 17,

2    2020, Plaintiffs filed a reply to Defendants' opposition.  ECF No. 46 ("Remand Reply.").

3    **II.    LEGAL STANDARD**

4    **A.  Motion to Remand**

5    A suit may be removed from state court to federal court only if the federal court would

6    have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); see *Caterpillar Inc. v.*

7    *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

8    in federal court may be removed to federal court by the defendant.").  The party seeking removal

9    bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer*

10   *Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and

11   any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v.*

12   *Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc*., 980 F.2d

13   564, 566 (9th Cir. 1992)).

14   A motion to remand "on the basis of any defect other than lack of subject matter

15   jurisdiction" must be made within thirty days after the filing of the notice of removal.  28 U.S.C. §

16   1447(c).  By contrast, if it appears at any time before final judgment that the court lacks subject

17   matter jurisdiction, the court must remand the action to state court.  *Id*.

18   **B.  Request for Attorney's Fees and Costs**

19   Along with remand of a case upon unsuccessful removal, the district court may award "just

20   costs and any actual expenses, including attorney's? fees, incurred as a result of the removal."  28

21   U.S.C. § 1447(c).  The award of fees and costs is in the discretion of the district court.  *Lussier v.*

22   *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Nonetheless, "[a]bsent unusual

23   circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

24   lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

25   reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

26   141 (2005).

27

28   Case No. 19-CV-04263-LHK
     ORDER GRANTING MOITON TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
     AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

4

1        The objective reasonableness of removal depends on the clarity of the applicable law and

2   whether such law "clearly foreclosed the defendant's basis of removal." *Lussier*, 518 F.3d at

3   1066-67.  We have consistently held that "[i]f the law in the Ninth Circuit is not so clear as to

4   make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's

5   fees." *Prado v. Dart Container Corp. of Cal.*, 373 F. Supp. 3d 1281, 1285 (N.D. Cal. 2019)

6   (*quoting Dev. Bank v. Arthur*, No. 11-CV-05494-LHK, 2012 WL 1438834, at *7 (N.D. Cal. Apr.

7   25, 2012)).

8   **III.   DISCUSSION**

9        Defendants move for judgment on the pleadings in favor of Defendants on the grounds that

10  Plaintiffs lack Article III standing.  In response, Plaintiffs move to remand this case to the

11  California Superior Court for the County of Santa Cruz and request attorney's fees and costs

12  associated with remand.

13       Because the Court must address jurisdictional concerns first, the Court begins with

14  Plaintiffs' motion to remand.  *See*, *e.g.*, *Tucker v. Travelers Indem. Co. of Conn.*, No. 17-cv-

15  04613-HSG, 2017 WL 10456186, at *1 (N.D. Cal. Oct. 4, 2017) ("Because subject-matter

16  jurisdiction is a threshold issue, the Court addresses Plaintiffs' motion to remand first."); *see also*

17  *Friery v. Los Angeles Unified Sch. Dist.*, 448 F.3d 1146, 1148 (9th Cir. 2006) ("As standing

18  implicates Article III limitations on our power to decide a case, we must address it before

19  proceeding to the merits.").  Then, the Court will address whether any award for attorney's fees

20  and costs is warranted.  Finally, because the Court remands the case to state court, the Court

21  denies as moot Defendants' motion for judgment on the pleadings.

22     **A.   Motion to Remand**

23       In the FAC, Plaintiffs raise two claims: (1) a claim for declaratory relief that Santa Cruz

24  County Code section 18.10.320 and section 16.10.060(c) are inconsistent with Government Code

25  section 65943, FAC ¶¶ 14–21; and (2) a claim under 42 U.S.C. § 1983 for violations of Plaintiffs'

26  due process rights for refusing to schedule a properly notified appeal.  FAC ¶¶ 22–26.  Plaintiffs

27

28  Case No. 19-CV-04263-LHK
    ORDER GRANTING MOITON TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
    AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

argue that the Court should remand the case because Defendants have failed to establish subject matter jurisdiction over either claim.  Mot. to Remand at 5.  Below, the Court first addresses its subject matter jurisdiction over Plaintiffs' federal claim under Section 1983, before turning to Plaintiffs' state law claim.

### 1.  Section 1983 Claim

In Plaintiffs' § 1983 claim, Plaintiffs allege that Defendants have violated Plaintiffs' due process rights by refusing to schedule a hearing for the permit application appeal and refusing to accept Plaintiff's additional report.  FAC ¶¶ 22–26.  In Plaintiffs' motion for remand, Plaintiffs argue that Defendants have failed to establish the Court's subject matter jurisdiction over this claim.  Mot. to Remand at 5.  The Court agrees.

As the party invoking federal jurisdiction, Defendants bear the burden of establishing the existence of a case or controversy under Article III, including "the core component of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  However, Defendants argue precisely the opposite: they contend that Plaintiffs lack Article III standing to raise their Section 1983 claim because the claim is based on the rejections of planning permits that "Plaintiffs [applied for] on behalf of their clients."  MJP at 4.  Specifically, Defendants argue that the issuance of the development permits are tied to properties Plaintiffs do not themselves own and from which Plaintiffs do not derive personal benefits other than "perhaps being able to work on the project if it is approved."  *Id.* at 5.  Defendants further argue that because nothing prevents the property owners themselves from bringing a lawsuit against the County, Plaintiffs have no standing to bring a cause of action against Defendants on behalf of their clients.  *Id.*

The Court takes Defendants' standing argument at face value and finds that Defendants have accordingly failed to meet their burden of establishing that the Court has subject matter jurisdiction over Plaintiffs' Section 1983 claim.  *See Provincial Gov't of Marinduque*, 582 F.3d at 1087 (explaining that the burden of establishing federal jurisdiction is on the party seeking removal).  By arguing that Plaintiffs lack Article III standing, Defendants in effect concede that

6

United States District Court
Northern District of California

the Court lacks subject matter jurisdiction over Plaintiff's Section 1983 claim because standing is a requisite component of subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998) ("Standing to sue is part of the common understanding of what it takes to make a justiciable case."); *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) ("[S]tanding . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III"). In fact, the Ninth Circuit has clearly held that "a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)," and that such a rule "applies as well to . . . [any] type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Both statute and Ninth Circuit precedent thus make clear that remand is the only appropriate option in the instant case.

In a two-page opposition, Defendants merely respond without citation that, as long as "Plaintiffs' 1983 cause of action is a law of the Unites States . . . this Court has original jurisdiction over the claim." Remand Opp'n at 2. Defendants are incorrect. Federal courts are courts of limited jurisdiction. "Although the Constitution does not fully explain what is meant by '[t]he judicial Power of the United States,' Art. III, § 1, it does specify that this power extends only to 'Cases' and 'Controversies,' Art. III, § 2." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id.* Courts have therefore regularly found a lack of subject matter jurisdiction, even over federal law claims, where a party lacks standing. *See Lujan*, 504 U.S. 555 (holding that the district court lacked subject matter jurisdiction over the plaintiffs' federal Endangered Species Act claim because the plaintiffs lacked standing). Thus, Defendants must establish subject matter jurisdiction, including Article III standing, by doing more than merely asserting the presence of a federal question.

Because Defendants themselves argue that Plaintiffs lack Article III standing to assert Plaintiffs' Section 1983 claim, Defendants have failed to meet their burden to establish that the Court has subject matter jurisdiction over this claim.

7

United States District Court
Northern District of California

### 2. Plaintiffs' State Law Claim

Plaintiffs also assert a cause of action for declaratory relief. FAC ¶¶ 14–21. Plaintiffs' claim for declaratory relief asks the Court to construe state law to determine whether several sections of the Santa Cruz County Code violate California Government Code section 65943. *Id.*

As the party seeking removal, Defendants bear the burden of establishing federal jurisdiction over the state law claim. *Provincial Gov't of Marinduque*, 582 F.3d at 1087. In Defendant's notice of removal, Defendants merely discuss the Court's jurisdiction over the Section 1983 claim but do not assert that the Court has jurisdiction over Plaintiffs' state law declaratory relief claim. *See* ECF No. 1. Similarly, in Defendants' opposition to remand, Defendants merely allege that the entire case was removed properly but fail to articulate the Court's basis for subject matter jurisdiction over the state law declaratory relief claim. Remand Reply at 2. However, Defendants must establish the Court's subject matter jurisdiction over each claim because the Court must sever "any claims for which the district court lacks jurisdiction" and those claims "must subsequently be remanded." *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 287 (9th Cir. 2018) (Christen, J., concurring) (quoting 28 U.S.C. § 1441(c)(1)(B), (c)(2).) Because Defendants never argue that the Court has subject matter jurisdiction over Plaintiffs' state law declaratory relief claim, Defendants have clearly failed to meet their burden to establish the Court's subject matter jurisdiction over this claim. Under the federal removal statute, the Court is thus required to remand this claim. *See id.*

In any event, even if Defendant had argued that the Court has subject matter jurisdiction over Defendant's state law declaratory relief claim, the Court would disagree. Generally, for the Court to have original federal subject matter jurisdiction, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required.") Alternatively, the Court may exercise

8

United States District Court
Northern District of California

1    supplemental jurisdiction in certain cases. *See* 28 U.S.C. § 1367.

2        For the reasons stated below, the Court finds that it lacks subject matter jurisdiction under

3    federal question jurisdiction, *id.* § 1331; diversity jurisdiction, *id.* § 1332; and supplemental

4    jurisdiction, *id.* § 1367.

5        For the Court to have federal question jurisdiction, the complaint must arise under federal

6    law. 28 U.S.C. § 1331.  Generally speaking, "[a] cause of action arises under federal law only

7    when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of*

8    *Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).  Plaintiffs' claim for declaratory relief asks that the

9    Court declare that Santa Cruz County Code sections 18.10.320 and 16.10.060(c) are inconsistent

10   with California Government Code section 65943, all of which are state and local laws.  FAC ¶¶ 8–

11   9.  Accordingly, because there is no "issue of federal law" raised by Plaintiffs' claim for

12   declaratory relief, there can be no federal question jurisdiction over this claim.  *Hansen*, 891 F.2d

13   at 1386; *see Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) ("A lawsuit

14   seeking federal declaratory relief must first present an actual case or controversy within the

15   meaning of Article III, section 2 of the United States Constitution.  It must also fulfill statutory

16   jurisdictional prerequisites." (citations omitted)).

17       As for diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), federal courts have diversity

18   jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of

19   $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332.  Furthermore, the

20   diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is

21   diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

22   Here, the Court lacks diversity jurisdiction because both Plaintiffs and Defendants are citizens of

23   California and thus there is no diversity of citizenship.  FAC ¶ 1.

24       Finally, the Court also finds that it lacks supplemental jurisdiction over Plaintiffs' state law

25   declaratory relief claim.  Courts have supplemental jurisdiction "over all other claims that are so

26   related to claims in the action within such original jurisdiction that they form part of the same case

27

28

or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(b).

However, as discussed above, the Court lacks original jurisdiction over Plaintiffs' only federal

claim, the Section 1983 claim, because Plaintiffs' lack Article III standing.  Because supplemental

jurisdiction requires that the Court have original jurisdiction over at least one other claim, the

Court may not exercise supplemental jurisdiction over Plaintiffs' state law declaratory relief claim.

*See, e.g.*, *Del Toro v. Centene Corp.*, No. 19-CV-05163-LHK, 2020 WL 1643861, at *6 (N.D.

Cal. April 2, 2020) (declining supplemental jurisdiction over Plaintiff's state law claim because

Plaintiff lacked Article III standing for her only federal claim).

In sum, the Court lacks subject matter jurisdiction over any of Plaintiffs' claims.  Because

the Court lacks subject matter jurisdiction, the Court GRANTS Plaintiffs' motion to remand the

case to state court.

### B. Attorney's Fees and Costs

Along with the motion to remand, Plaintiffs request an award of attorney's fees and costs.

FAC ¶ 27.  Plaintiffs allege that "[a]s a direct result of Defendants' removal of the case to this

Court, [Plaintiff's counsel have] spent 48.70 hours on Federal court issues, for a total amount of

$17,045.00 in attorney-time billed to the Clients" at an hourly rate of $350.  Remand Reply at 3.

Though Plaintiffs prevailed on the motion to remand, the Court, in its discretion, declines

to award any fees and costs.  The Court cannot say that there lacks any "objectively reasonable

basis for seeking removal."  *Martin*, 546 U.S. at 14.  Although Defendants' arguments were

ultimately unpersuasive, there is no evidence that Defendants' arguments were "entirely

frivolous."  *Prado*, 373 F. Supp. 3d at 1285.  The standing issue presented by Plaintiffs' motion to

remand is not a straightforward question of subject matter jurisdiction.

Additionally, Plaintiffs have not demonstrated the level of bad faith that courts have found

to justify the imposition of costs and fees.  *See*, *e.g.*, *Concept Chaser Co., Inc. v. Pentel of Am.

Ltd.*, No. CV 11-8262-CAS JCGX, 2011 WL 4964963, at *3 (C.D. Cal. Oct. 18, 2011) (finding

bad faith when defendant removed on the morning of trial based on a defense defendant had

Case No. 19-CV-04263-LHK
ORDER GRANTING MOITON TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS

United States District Court
Northern District of California

United States District Court
Northern District of California

1   asserted since the start of litigation).  Plaintiffs allege that Defendants engaged in an "intended

2   strategy of obtaining a judgment of dismissal on the merits of the case from the federal court and

3   recouping attorney's fees and costs from Plaintiffs."  Remand Reply at 2.  While such a strategy

4   was ultimately unsuccessful, the Court cannot agree that it amounts to bad faith under these

5   circumstances.

6          As a result, the Court DENIES Plaintiffs' request for attorney's fees and costs.

7   **C. Motion for Judgment on the Pleadings**

8          Because the Court has remanded the case back to state court, the Court DENIES as moot

9   Defendant's motion for judgment on the pleadings.

10  **IV.     CONCLUSION**

11          For the foregoing reasons, the Court GRANTS Plaintiffs' motion to remand and DENIES

12  Plaintiffs' request for attorney's fees and costs.  The Court DENIES as moot Defendants' motion

13  for judgment on the pleadings.

14  **IT IS SO ORDERED.**

15

16  Dated:  July 22, 2020

17                                                    _Lucy H. Koh_

18                                                    LUCY H. KOH
                                                     United States District Judge

19

20

21

22

23

24

25

26

27                                            11

28  Case No. 19-CV-04263-LHK
    ORDER GRANTING MOITON TO REMAND; DENYING REQUEST FOR ATTORNEY'S FEES AND COSTS;
    AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS